UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:   Case No. 23-42331

JOHN J. SCHLICHT   Chapter 13
and SHIRLEY M. SCHLICHT,

Judge Thomas J. Tucker

        Debtors.
_____/

JOHN J. SCHLICHT, *et al.*,

        Plaintiffs,

vs.   Adv. No. 23-4180

UNION LAKE GOLF CLUB, L.L.C., *et al.*,

        Defendants.
_____/

**ORDER REGARDING DEFENDANTS' MOTION TO DISMISS**

      This adversary proceeding is before the Court on the Defendants' motion entitled "Defendants' Motion to Dismiss Adversary Complaint Pursuant to Fed. R. Bankr. P. 7012(b) and Fed. R. Civ. P. 12(b)(6)" (Docket # 8, the "Motion"). With the Defendants' brief in support of the Motion (Docket # 8-3), and with the Defendants' reply brief in support of the Motion (Docket # 18), the Defendants filed and presented for consideration many documents which were not attached to the Plaintiffs' complaint, and at least some of which must be viewed as being outside the pleadings, including:

- Recorded Warranty Deed conveying the property at issue in this case ("the Property") from Harley's Golf, Course, Inc. to Union Lake Golf Club, L.L.C. (the "Club");

- Land Contract dated February 16, 2005 between the Club and the Defendants and Addendum to Land Contract;

- Recorded Quit Claim Deed conveying the Property from Harley's Golf, Course, Inc. to the Club;

- "First Amendment to Land Contract" dated June 23, 2010;

- "Forfeiture Notice Land Contract;"

- "Termination and Release Agreement" dated March 15, 2013;

- Unrecorded "Quit Claim Deed" with Defendants conveying the Property to the Club;

- "Lease" dated March 15, 2013 between the Club, as "Landlord" and the Defendants as "Tenant;"

- "Quit Claim Deed" recorded October 8, 2010, with the Defendants as "Grantor" conveying their interest in the Property to the Club as "Grantee;" and

- Affidavit of James Galbraith.

With their response to the Motion (Docket # 14), the Plaintiffs also filed and presented documents which were not attached to the complaint, and at least some of which must be viewed as being outside the pleadings, including:

- "Addendum to Lease" dated September 25, 21017;

- "Second Amendment to Lease" dated June 18, 2019; and

- Appraisal of the Club.

Fed. R. Civ. P. 12(d), which applies in this adversary proceeding under Fed. R. Bankr. P. 7012(b), provides:

> **(d) Result of Presenting Matters Outside the Pleadings.** If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Consistent with Fed. R. Civ. P. 12(d), the Sixth Circuit has explained that

> [a]ssessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings. If a court does consider material outside the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Rule 56 and all parties must be given a reasonable opportunity to present all material pertinent to the motion. However, a court may consider "exhibits attached [to the complaint], public records, items appearing in the record of the

2

> case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein," without converting the motion to one for summary judgment.

*Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011) (citations omitted).

The Court gives notice to the parties that in the Court's discretion, the Court intends to consider the documents listed above, rather than exclude them, in deciding the Motion. Because at least some of these documents are outside of the pleadings as that phrase in interpreted in *Rondigo*, the Court finds good cause to enter this Order.

IT IS ORDERED that:

1. The Court will treat the Motion as a motion for summary judgment under Fed. R. Civ. P. 56, which applies in this adversary proceeding under Fed. R. Bankr. P. 7056.

2. No later than August 30, 2023, the Defendants must file any additional material that the Defendants want the Court to consider, and that the Defendants contend is pertinent to the summary judgment issue(s), and which material is of a type that the Court may consider under Fed. R. Civ. P. 56(c).

3. No later than September 13, 2023, the Plaintiffs must file any additional material that the Plaintiffs want the Court to consider, and that the Plaintiffs contend is pertinent to the summary judgment issue(s), and which material is of a type that the Court may consider under Fed. R. Civ. P. 56(c).

4. No later than September 13, 2023, the Plaintiffs may file a supplemental brief opposing the Motion.

5. No later than September 20, 2023, the Defendants may file a supplemental reply brief in support of the Motion.

By a separate notice to be issued in the future, the Court intends to schedule a hearing on the Motion, to be held on a date to be determined, after all additional items referred to above have been filed.

**Signed on August 16, 2023**



/s/ **Thomas J. Tucker**

**Thomas J. Tucker**
**United States Bankruptcy Judge**